JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Alexa Willoughby

**DEFENDANTS**

American Airlines Group Inc. and First Transit Inc.

**(b)** County of Residence of First Listed Plaintiff  Worcester Co, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Tarrant Co, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attached list of counsel

Attorneys *(If Known)*

See attached list of counsel

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Motor Vehicle - Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Excess of $50,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  4/28/21

SIGNATURE OF ATTORNEY OF RECORD
/s/ Paul C. Troy

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**Alexa Willoughby v. America Airlines Group, Inc.  aka/dba American Airlines
and First Transit, Inc.**

**<u>LIST OF COUNSEL</u>**

**<u>Plaintiff's Attorney</u>**
David Jaffe, Esquire
Freundlich & Littman, LLC
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
(215) 545-8500 – phone
Email:  david@freundlichandlittman.com

**<u>Deft American Airlines</u>**
Charity C. Hyde, Esquire
David R. Bronstein, Esquire
Perez Morris Hyde, LLC
100 North 20th Street
Philadelphia, PA 19103
(215) 692-1240 – phone
Email: chyde@perez-morris.com
          dbronstein@perez-morris.com

**<u>Deft First Transit, Inc.</u>**
Paul C. Troy, Esquire
Kane Pugh Knoell Troy & Kramer LLP
510 Swede Street
Norristown, PA 19401
(610) 275-2000 – phone
Email: ptroy@kanepugh.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __6 Mohican Road, Unit 303, Worcester, MA 01605__

Address of Defendant: __American Airlines, 4333 Amon Carter Blvd, Fort Worth, TX 76155; First Transit Inc, 600 Vine St, Ste 1400, Cincinnati, OH 45202__

Place of Accident, Incident or Transaction: __Philadelphia International Airport, Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/28/2021__     __/s/ Paul C. Troy__     __60875__

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     Sign here if applicable     _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Alexa Willoughby | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| American Airlines Group Inc. and | : | NO. |
| First Transit Inc. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                  (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                                        (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)


| | | |
|---|---|---|
|  4/28/21 | Paul C. Troy, Esquire | First Transit Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 610-275-2000 | 610-275-2018 | ptroy@kanepugh.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875                              Attorney for Defendant
510 SWEDE STREET                                     First Transit Inc.
NORRISTOWN, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXA WILLOUGHBY | : | No. |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| AMERICAN AIRLINES GROUP INC. aka/dba | : | |
| AMERICAN AIRLINES; and | : | |
| FIRST TRANSIT INC. | : | |

---

## NOTICE OF REMOVAL OF DEFENDANT

Defendant, First Transit, Inc., by and through its attorneys, Kane, Pugh, Knoell, Troy & Kramer, LLP, gives notice of the removal of the above captioned action to this Court of a Civil Action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support thereof avers as follows:

1.     A civil action has been brough against Defendant by the Plaintiff in the Court of Common Pleas of Philadelphia County at No. 210300640.  A copy of that Complaint is attached hereto as Exhibit "A."

2.     This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and exceeds the required amount in controversy, exclusive of interest and costs pursuant to 28 U.S.C. § 1332.

3.     The State Court where the action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

1

4.      The Plaintiff is, at the time of the filing of this action, a citizen of the State of Massachusetts.

5.      Defendant, First Transit Inc. is a Delaware corporation with a corporate headquarters located at 600 Vine Street, Suite 1400, Cincinnati, Ohio.

6.      Defendant, American Airlines, Inc. is a Delaware corporation with a corporate headquarters located at 1 Skyview Drive, Fort Worth, Texas.

7.      In her Complaint, Plaintiff named FirstGroup America, Inc. and the City of Philadelphia as additional Defendants.

8.      On April 12, 2021, the City of Philadelphia and FirstGroup America were dismissed from the action by two separate stipulations.  The stipulations are attached hereto as Exhibits "B" and "C."

9.      Now that the City of Philadelphia has been dismissed, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(b)(2), which states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

10.     In her Complaint, Plaintiff alleges she suffered severe personal injuries, pain and suffering, loss of life's pleasures, and mental anguish.  Plaintiff also alleges she incurred various and substantial expenses which were reasonable and necessary for her treatment and care and will be required to incur such expenses into the future.  Plaintiff alleges she has been unable to engage in her normal hobbies and avocations, all to her great detriment and loss and she has suffered, and will continue to suffer, the loss of enjoyment of life and the loss of life's pleasures, all to her great detriment and loss.  *See* Exhibit A at ¶¶30-36.

2

11.     Specifically, with respect to Count II of Plaintiff's Complaint, she alleges that as a direct and proximate result of the negligence and carelessness of First Transit Inc's agent, she suffered severe and significant injuries to her body and nervous system, was severely injured, both internally and externally, has suffered great pain, shock, and mental anguish, and will continue to suffer for a long time to come.  Additionally, Plaintiff alleges she received medical treatment and medicines in an attempt to cure herself of her alleged injuries, she has significant outstanding medical bills which she is required to repay, she continues to suffer from severe and consistent pain, she is unable to engage in her normal avocations and hobbies, she has lost wages and will continue to lose wages into the future, she has been forced to undergo significant medical treatment, and she has and continues to be forced to expend large sums of money.  *See* Exhibit A at ¶56.  Plaintiff alleges two counts of negligence, claiming damages in excess of $50,000 for each count.  As such, her action is for an amount in controversy in excess of statutory jurisdictional limit of $75,000, together with costs of this action and damages for delay.

12.     Co-Defendant American Airlines, Inc. has consented to this removal.  A copy of the Consent to Removal is attached hereto as Exhibit "D."

13.     The statutory requirements having been met, the state action is properly removed to United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY:   */s/Paul C. Troy*
            PAUL C. TROY, ESQUIRE
            MARY A. EGAN, ESQUIRE
            Attorneys for Defendant, First Transit, Inc.

3

# EXHIBIT A

**Austin R. Freundlich, Esquire (I.D. # 205670)**
**Gregory C. Littman, Esquire (I.D. # 306806)**

**Freundlich & Littman, LLC**
**1425 Walnut Street, Suite 200**
**Philadelphia, PA 19102**
**(215) 545-8500**

NOTICE TO PLEAD: You are hereby given Notice to file a written response to the Complaint within 20 days or suffer Judgment by Default.



**Attorneys for Plaintiffs**

| | |
|---|---|
| Alexa Willoughby<br>6 Mohican Road Unit 303<br>Worecester, MA 01605,<br><br>     Plaintiff,<br><br>V.<br><br>American Airlines Group Inc.<br>AKA/DBA American Airlines<br>4333 Amon Carter Boulevard,<br>Fort Worth, Texas 76155<br><br>     -AND-<br><br>City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102,<br><br>     -AND-<br><br>First Transit Inc.<br>600 Vine Street, Suite 1400<br>Cincinnati, OH 45202,<br><br>     -AND-<br><br>Firstgroup America, Inc.<br>600 Vine Street, Suite 1400<br>Cincinnati, OH 45202,<br><br>     Defendants. | Philadelphia County<br>Court of Common Pleas<br><br>March Term 2021<br><br>NO: |

## NOTICE TO DEFEND

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the

Case ID: 210300640

court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
Phone: (215) 238-6300
Fax: (215) 238-1159
Website: www.philadelphiabar.org

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
Phone: (215) 238-6300
Fax: (215) 238-1159
Website: www.philadelphiabar.org

Case ID: 210300640

**Austin R. Freundlich, Esquire (I.D. # 205670)**
**Gregory C. Littman, Esquire (I.D. # 306806)**

**Freundlich & Littman, LLC**
**1425 Walnut Street, Suite 200**
**Philadelphia, PA 19102**
**(215) 545-8500**

NOTICE TO PLEAD: You are hereby given Notice to file a written response to the Complaint within 20 days or suffer Judgment by Default.

**Attorneys for Plaintiffs**

| | |
|---|---|
| Alexa Willoughby<br>6 Mohican Road Unit 303<br>Worecester, MA 01605,<br><br>      Plaintiff,<br><br>V.<br><br>American Airlines Group Inc.<br>AKA/DBA American Airlines<br>4333 Amon Carter Boulevard,<br>Fort Worth, Texas 76155<br><br>      -AND-<br><br>City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102,<br><br>      -AND-<br><br>First Transit Inc.<br>600 Vine Street, Suite 1400<br>Cincinnati, OH 45202,<br><br>      -AND-<br><br>Firstgroup America, Inc.<br>600 Vine Street, Suite 1400<br>Cincinnati, OH 45202,<br><br>      Defendants. | Philadelphia County<br>Court of Common Pleas<br><br>March Term 2021<br><br>NO: |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

AND NOW, come the Plaintiff Alexa Willoughby, by and through her attorneys,

Freundlich & Littman, LLC, file the following Complaint against the Defendants, American

Case ID: 210300640

Airlines Group Inc., the City of Philadelphia, First Transit Inc., and First GroupAmerica, and in support of, avers the following:

**PARTIES**

1. Plaintiff Alex Willoughby (hereinafter "Plaintiff") is an adult individual and citizen of the state of Massachusetts, who resides at 6 Mohican Road Unit 303, Worcester Massachusetts 01605.

2. Defendant American Airlines Group Inc. AKA/DBA American Airlines is, based on information and belief, a for-profit corporate entity, with a place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

3. Defendant City of Philadelphia is, based on information and belief, a government municipality with a place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

4. Based upon information and belief, Defendant City of Philadelphia owns and/or maintains the Philadelphia International Airport located at 8000 Essington Ave, Philadelphia, PA 19153.

5. Defendant First Transit Inc., based on information and belief, a for-profit corporate entity, with a place of business located at 600 Vine Street, Suite 1400, Cincinnati, OH 45202.

6. Defendant Firstgroup America Inc., based on information and belief, a for-profit corporate entity, with a place of business located at 600 Vine Street, Suite 1400, Cincinnati, OH 45202.

7. Based upon information and or belief, Defendant City of Philadelphia entered into an agreement and/or contract with Defendant First Transit Inc., and Defendant Firstgroup

Case ID: 210300640

America Inc to provide transportation to guests, visitors, travelers and/or customers of the Philadelphia International Airport.

8. Based on information and belief, Defendant First Transit, Inc. owns, maintains, and/or operates the commercial vehicle in which Plaintiff was a passenger on March 21, 2019.

9. In the alternative, based on information and belief, Defendant First GroupAmerica, Inc. owns, maintains, and/or operates the commercial vehicle in which Plaintiff was a passenger on March 21, 2019.

10. Defendant American Airlines Group Inc., Defendant City of Philadelphia, Defendant First Transit Inc. and Firstgroup America Inc., are hereinafter referred to collective as "Defendants" unless specifically referred to otherwise individually.

11. At all times relevant hereto, Defendants acted by and through their agents, servants, employees, and/or other representatives, who acted within the course and scope of their authority and/or instruction, and in the furtherance of, and/or benefit to, Defendants.

## JURISDICTION AND VENUE

12. Plaintiffs hereby incorporate the preceding paragraphs by reference as though set forth at length herein.

13. This Court has subject matter jurisdiction over this action pursuant to 42 Pa. C.S.A. 931.

14. This Court has personal jurisdiction over this action pursuant to 42 Pa. C.S.A. 5301.

15. Venue is proper in this Court as transactions or occurrences giving rise to this cause of action occurred in Philadelphia, Pennsylvania.

16. The amount in controversy is in excess of $50,000.00.

[This part of the page has been intentionally left blank]

## FACTS

17. Plaintiffs hereby incorporate the preceding paragraphs by references as though set forth at length herein.

18. On or about March 21, 2019, Plaintiff was a passenger in a commercial vehicle, specifically an airport shuttle bus, owned and/or operated by Defendant First Transit Inc. and Defendant Firstgroup America Inc.

19. On or about March 21, 2019, the subject commercial vehicle in which the Plaintiff was a passenger was traveling from Terminal F and Terminal B/C in the Philadelphia International Airport.

20. The Plaintiff was the only passenger onboard of the commercial vehicle at all times relevant hereto.

21. As such, Plaintiff was owed the highest duty of care as Defendants qualified as common carriers. *Green v. SEPTA*, 2015 Pa. Commw.

22. On or about March 21, 2019, while the Plaintiff was a passenger on the subject commercial vehicle another commercial vehicle owned and/or operated by Defendant American Airlines Group was traveling  directly behind the commercial vehicle that the Plaintiff was a passenger on.

23. Suddenly and without warning the commercial vehicle owned and/or operated by Defendant American Airlines Group carelessly and negligently drove into the rear end of the commercial vehicle in which the Plaintiff was a passenger.

24. Immediately after the above described accident occurred, American Airlines personnel, airport security and Philadelphia Police all responded to the scene.

Case ID: 210300640

25. Shortly after the above described accident occurred the Plaintiff was transported directly to her gate.

26. The Plaintiff then traveled from the Philadelphia International Airport to the Reagan National Airport in Washington DC.

27. While the Plaintiff was on the short thirty-five (35) minute flight from the Philadelphia International Airport to the Reagan National Airport in Washington DC the Plaintiff became very distressed and in obvious pain as the Plaintiff's vision became blurry and the Plaintiff's started to have excruciating pain in her neck and back.

28. Due to the obvious pain and distress that the Plaintiff was suffering while on the flight, the Plane's flight crew signaled Reagan National Airport to have a medical crew meet the Plane at its arrival gate.

29. When the Plane arrived at its arrival gate, the Plaintiff was taken off the Plane by Emergency Medical Staff and transported directly to Virginia Hospital.

30. As a direct result of Defendants' negligence and carelessness, Plaintiff suffered and continues to suffer from severe injuries, causing her great pain and suffering.

31. As a direct result of Defendants' negligence and carelessness, Plaintiff was forced to undergo reasonable and necessary medical treatment in an attempt to alleviate her pain and suffering.

32. As a direct result of Defendants' negligence and carelessness, Plaintiff suffered and continues to suffer severe personal injuries, pain and suffering, and loss of life's pleasures for which she seeks damages.

33. As a direct result of Defendants' negligence and carelessness, Plaintiff suffered and continues to suffer from severe mental anguish, for which she seeks damages.

34. As a direct result of Defendants' negligence and carelessness, Plaintiff incurred various and substantial expenses which were reasonable and necessary for her treatment and care and will be required to incur such expenses into the future.

35. As a direct result of Defendants' negligence and carelessness, Plaintiff has been unable to engage in her normal hobbies and avocations, all to her great detriment and loss.

36. As a direct result of Defendants' negligence and carelessness, Plaintiff has suffered, and will continue to suffer, the loss of enjoyment of life and the loss of life's pleasures, all to her great detriment and loss.

37. All of Plaintiff's losses are due to the carelessness and negligence of Defendants without any lack of care, want of care, or contribution on Plaintiff's part.

### COUNT I: NEGLIGENCE
### PLAINTIFF VERSUS DEFENDANT AMERICAN AIRLINES GROUP

38. Plaintiffs hereby incorporate the preceding paragraphs by references as though set forth at length herein.

39. As laid out more fully above, on March 21, 2019, Plaintiff was a passenger within a commercial vehicle owned and/or operated by Defendants First Transit, Inc. and Firstgroup America.

40. As laid out above, while the Plaintiff was a passenger within a commercial vehicle owned and/or operated by Defendants First Transit, Inc. and Firstgroup America, another commercial vehicle owned and/or operated by American Airlines Group carelessly and negligently drove into the rear end of the commercial vehicle in which the Plaintiff was a passenger.

41. Defendant American Airlines had a duty to ensure that its employees and contractors, such as the operator of its commercial vehicle that carelessly and negligently drove into

Case ID: 210300640

the rear end of the commercial vehicle in which the Plaintiff was a passenger were properly trained and capable drivers.

42. The negligence and carelessness of Defendant American Airlines Group and its agents consisted of, but is not limited to, the following:

    a.  Failing to properly screen its agents, servants, workmen, employees and/or representatives;

    b.  Failing to properly train agents, servants, workmen, employees and/or representatives;

    c.  Failing to maintain proper supervision of the premises and its agents, servants, workmen, employees and/or representatives; and

    d.  Failing to ensure that its agents, servants, workmen, employees and/or representatives were capable and adequate drivers.

43. Defendant American Airlines Group knew or should have known that failing to ensure that its agents, workmen, servants, employees and/or representatives could result in injuries to the Plaintiff and other persons lawfully on the road or within the airport.

44. Based on information and belief, the subject agent of Defendant American Airlines Group had a history or careless and negligent driving which Defendant American Airlines Group knew of or should have known or prior to allowing the subject agent to operate the subject vehicle.

45. But for allowing the Defendant American Airlines allowing its agent to operate Defendant American Airline's Vehicle, Plaintiff would not have been injured.

46. As a direct result of the negligence and carelessness of Defendant American Airlines Group, the Plaintiff has suffered the damages detailed at length above which are incorporated herein by reference in their entirety.

47. All of Plaintiff's losses and damages were, are, and will be due solely to and by reason of the carelessness, and negligence of Defendant American Airlines without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant American Airlines Group in an amount in excess of fifty thousand dollars ($50,000) in compensatory damages, together with costs, and other damages the court should deem appropriate.

## COUNT II: NEGLIGENCE
## PLAINTIFF VERSUS DEFENDANTS FIRST TRANSIT INC AND FIRSTGROUP AMERICA INC

48. Plaintiffs hereby incorporate the preceding paragraphs by references as though set forth at length herein.

49. As laid out more fully above, on March 21, 2019, the Plaintiff was a passenger within Defendants First Transit Inc and Firstgroup America's Vehicle, which was being driven and operated by an agent of Defendants First Transit Inc and Firstgroup America who drove negligently and carelessly causing which caused the subject motor vehicle accident in which the Plaintiff was injured.

50. Defendants First Transit Inc and Firstgroup America's  agent's negligence and carelessness was the proximate cause of the incident and Plaintiff's resulting injuries.

51. As a passenger in a common carrier's vehicle in Pennsylvania, the Plaintiff is entitled to the highest duty of care and expectation that she will be picked up and arrive at the

Case ID: 210300640

determined destination without risk of injury. *Dayen v. Penn Bus Co.*, 363 Pa. 176, 69 A.2d 151 (1949).

52. As the operator of a common carrier vehicle, Defendants First Transit Inc and Firstgroup America have the highest duty of care to ensure that their passengers are picked up and arrive at their determined destination without risk of injury. *Dayen v. Penn Bus Co*., 363 Pa. 176, 69 A.2d 151 (1949).

53. Defendants First Transit Inc and Firstgroup America negligence and carelessness was the proximate cause of the accident and Plaintiff's resulting injuries.

54. Defendants First Transit Inc and Firstgroup America's agent had a duty to Plaintiff and other drivers to operate the Defendants' Vehicle in accordance with all laws and regulations, including, but not limited to, operating Defendants' Vehicle in a safe manner.

55. Defendants First Transit Inc and Firstgroup America's agent's carelessness and negligence includes, but is not limited to:

   a. Failing to observe due care and precaution;

   b. Operating Defendants' Vehicle at a high and dangerous rate of speed above the stated speed limits;

   c. Turning Defendants' Vehicle at a rate of speed which was too high given the road conditions;

   d. Jamming on brakes within Defendants' Vehicle causing the accident referenced above;

   e. Failing to maintain proper and adequate control of the Defendants' Vehicle;

   f. Operating Defendants' Vehicle without regard for the rights or safety of Plaintiff or others;

g.  Disregarding traffic lanes, patterns, and other devices;

h.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

i.  Being inattentive to their duties as an operator of a motor vehicle;

j.  Being inattentive to their heightened duties as an operator of a common carrier vehicle;

k.  Driving while distracted;

l.  Driving while using a cellular phone;

m.  Driving while holding a cellular phone;

n.  Driving while using a GPS unit; and

o.  Failing to be highly vigilant and maintain sufficient control of Defendant's Vehicle.

56. As a direct and proximate result of the negligence and carelessness of Defendants First Transit Inc and Firstgroup America' agent, the Plaintiff:

a.  Suffered severe and significant injuries to her body and nervous system;

b.  Was severely injured, both internally and externally, has suffered great pain, shock and mental anguish, and will continue to suffer for a long time to come;

c.  Was obliged and did necessarily employ medical treatment and medicines in an attempt to cure herself of said injuries;

d.  Has significant outstanding medical bills which she is required to repay;

e.  Has and continues to suffer from severe and consistent pain;

f.  Has and continues to be unable to engage in her normal avocations and hobbies;

Case ID: 210300640

 g. Has in the past lost wages and will continue to lose wages into the future;

 h. Has been forced to undergo significant medical treatment; and

 i. Has and continues to be forced to expend large sums of money.

57. All of Plaintiff's losses and damages were, are, and will be due solely to and by reason of the negligence and carelessness of Defendants First Transit Inc and Firstgroup America, without any negligence or lack of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendants First Transit Inc and Firstgroup America in an amount in excess of fifty thousand dollars ($50,000.00) in compensatory damages, together with costs, delay damages, interest, and other damages the court should deem appropriate.

## COUNT III: NEGLIGENT HIRTING, SUPERVISION, RETENTION
## PLAINTIFF VERSUS DEFENDANT CITY OF PHILADELPHIA

58. Plaintiff hereby incorporates the preceding paragraphs by references as though set forth at length herein.

59. As laid out more fully above, on March 21, 2019, the Plaintiff was a passenger within a Vehicle, which was owned, maintained, and operated by Defendant City of Philadelphia's Agent.

60. Upon information and/or belief, Defendant City of Philadelphia entered into a contract and/or agreement with Defendants First Transit Inc and Firstgroup America to provide transportation service to customers, travers and guests of the Philadelphia International Airport.

61. As laid out more fully above, on March 21, 2019, the Plaintiff was a passenger within Defendants First Transit Inc and Firstgroup America's Vehicle, which was being driven and operated by an agent of Defendants First Transit Inc and Firstgroup America who

drove negligently and carelessly therefore causing the subject motor vehicle accident in which the Plaintiff was injured.

62. Defendant City of Philadelphia had a duty to ensure that its employees and contractors, such as the agent of Defendants First Transit Inc and Firstgroup America, were properly trained and capable drivers.

63. The negligence and carelessness of Defendant City of Philadelphia and its agents consisted of, but is not limited to, the following:

    a.  Failing to properly screen its agents, servants, workmen, contractors, employees and/or representatives;

    b.  Failing to properly train agents, servants, workmen, employees and/or representatives;

    c.  Failing to maintain proper supervision of the premises and its agents, servants, workmen, employees and/or representatives; and

    d.  Failing to ensure that its agents, servants, workmen, employees and/or representatives were capable and adequate drivers.

64. Defendant City of Philadelphia knew or should have known that failing to ensure that its agents, workmen, servants, employees, contractors and/or representatives could result in injuries to the Plaintiff and other persons lawfully on the Defendant's property.

65. Based on information and belief, Defendants First Transit Inc and Firstgroup America had a history of hiring careless and negligent, drivers which Defendant City of Philadelphia knew of or should have known or prior to allowing Defendants First Transit Inc and Firstgroup America to operate their vehicles on the Defendant's property.

Case ID: 210300640

66. But for allowing Defendants First Transit Inc and Firstgroup America to provide transportation services on the Defendant's property, the Plaintiff would not have been injured.

67. As a direct result of the negligence and carelessness of Defendant City of Philadelphia, Plaintiff has suffered the damages detailed at length above which are incorporated herein by reference in their entirety.

68. All of Plaintiff's losses and damages were, are, and will be due solely to and by reason of the carelessness, and negligence of Defendant City of Philadelphia without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant City of Philadelphia in an amount in excess of fifty thousand dollars ($50,000) in compensatory damages, together with costs, and other damages the court should deem appropriate.

Respectfully Submitted,

**Freundlich & Littman, LLC**


By: _____/S/_____
         Austin R. Freundlich, Esquire (I.D. # 205670)
         Gregory C. Littman, Esquire (I.D. # 306806)
         Jonathan D. Rosenau, Esquire (I.D. # 314288)
         David S. Jaffe, Esquire, (I.D. # 324297)

         1425 Walnut Street Suite 200
         Philadelphia, PA 19102
         215-545-8500
         215-545-8510(fax)

## <u>VERIFICATION</u>

I, Alexa Willoughby, hereby verify that the statements made in the foregoing

are true and correct to the best of my knowledge, information, and belief.  I understand that the

statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn

falsifications to authorities.

_____
Alexa Willoughby

Filed and Attested by the
Office of Judicial Records
03 MAR 2021 02:30 pm
A. SILIGRINI

# EXHIBIT B

*Filed and Attested by the Office of Judicial Records 12 APR 2021 11:45 am M. RUSSO*

Austin R. Freundlich, Esquire (I.D. # 205670)
Gregory C. Littman, Esquire (I.D. # 306806)

Freundlich & Littman, LLC
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
(215) 545-8500

| | |
|---|---|
| | **Attorneys for Plaintiff** |
| Alexa Willoughby, | Philadelphia County Court of Common Pleas |
| Plaintiff, | |
| | March Term 2021 |
| V. | NO: 210300640 |
| American Airlines Group Inc. AKA/DBA American Airlines, et al., | |
| Defendants. | |

## JOINT STIPULATION TO DISMISS DEFENDANT CITY OF PHILADELPHIA ONLY

TO THE PROTHONOTARY:

It is hereby stipulated and agreed among all counsel that the instant matter be

discontinued against Defendant City of Philadelphia only, with prejudice, and without costs to

any party.

Respectfully submitted,

_____
David S. Jaffe, Esquire
Freundlich & Littman, LLC
Attorney for Plaintiff

Date: 4/7/2021

_____
Paul C. Troy, Esquire
Mary A. Egan, Esquire
Kane, Pugh, Knoell, Troy & Kramer, LLP
Attorneys for Defendants, First Transit, Inc.
and FirstGroup America, Inc.

Date: 4/7/2021

_Aleena Sorathia_

Aleena Sorathia, Esquire
Ahmad Zaffarese, LLC
Attorney for Defendant, The City of Philadelphia

Date: 4/7/2021

_David Bronstein_

David R. Bronstein

Charity C. Hyde, Esquire
David R. Bronstein, Esquire
Perez Morris Hyde, LLC
Attorneys for Defendant, American Airlines, Inc.

Date: 4/12/21

# EXHIBIT C

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**BY: PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875
**BY: MARY A. EGAN, ESQUIRE**
ATTORNEY I.D. NO. 327585
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

*Filed and Attested by the*
*Office of Judicial Records*
*12 APR 2021 02:06 pm*
*E. HAURIN*

ATTORNEYS FOR DEFENDANTS
FIRST TRANSIT INC. AND
FIRSTGROUP AMERICA, INC.

| | | |
|---|---|---|
| ALEXA WILLOUGHBY | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| v. | : | |
| | : | |
| AMERICAN AIRLINES GROUP INC. aka/dba | : | CIVIL ACTION |
| AMERICAN AIRLINES; | | No. 210300640 |
| FIRST TRANSIT INC.; and | : | |
| FIRSTGROUP AMERICA, INC. | : | |

## STIPULATION TO DISMISS FEWER THAN ALL DEFENDANTS AND TO AMEND COMPLAINT

It is hereby STIPULATED and AGREED, by and between counsel for the undersigned parties, as follows:

1.  All claims against Defendant, FirstGroup America, Inc., are hereby dismissed, without prejudice. If it is later discovered that the dismissed party is necessary to the prosecution of this action, Plaintiff shall be permitted to amend the Complaint to re-sue said entity and such amendment or suit shall not be subject to any statute of limitations.

2.  Counsel for First Transit, Inc. and FirstGroup America, Inc., hereby states that First Transit Inc. is self-insured up to $5 million. If it is later discovered that First Transit, Inc. does not have this coverage, then FirstGroup America, Inc. may be reentered as a party to this action and such amendment shall not be subject to any statute of limitations.

3.  The language "but is not limited to" in paragraph 55 of the Complaint is hereby stricken.

4816-3545-5969, v. 1

Case ID: 210300640

4.     The "WHEREFORE" clause of Count II of the Complaint shall read "WHEREFORE, Plaintiff demands judgement in his favor and against Defendant First Transit Inc. in an amount in excess of fifty thousand dollars ($50,000.00) in compensatory damages, together with costs, delay damages, and interest."

5.     This stipulation may be signed in separate parts.


Respectfully submitted,


David S. Jaffe, Esquire
Freundlich & Littman, LLC
Attorney for Plaintiff

Date:____4/7/2021____

Paul C. Troy, Esquire
Mary A. Egan, Esquire
Kane, Pugh, Knoell, Troy & Kramer, LLP
Attorneys for Defendants, First Transit, Inc.
and FirstGroup America, Inc.

Date:___4/7/2021_____


David Bronstein

Charity C. Hyde, Esquire
David R. Bronstein, Esquire
Perez Morris Hyde, LLC
Attorneys for Defendant, American Airlines, Inc.

Date:____4/12/21_____

2

4816-3545-5969, v. 1

Case ID: 210300640

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXA WILLOUGHBY | : | No. |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| AMERICAN AIRLINES GROUP INC. aka/dba | : | |
| AMERICAN AIRLINES; and | : | |
| FIRST TRANSIT INC. | : | |

## **CONSENT TO REMOVAL**

Without waiving any of their defenses, Defendant American Airlines, Inc., by and

through its undersigned counsel, hereby consents to the removal of the above-captioned action to

the United States District Court for the Eastern District of Pennsylvania on the basis of diversity

jurisdiction.

_____

Charity C. Hyde, Esquire
David R. Bronstein, Esquire
Perez Morris Hyde, LLC
Attorneys for Defendant,
American Airlines, Inc.

Date:  April 22, 2021

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875
510 SWEDE STREET                       Attorney for Defendant
NORRISTOWN, PA 19401           First Transit Inc.
(610) 275-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXA WILLOUGHBY | : | |
| | : | No. |
| vs. | : | |
| | : | CIVIL ACTION |
| AMERICAN AIRLINES GROUP INC. | : | |
| AKA/DBA AMERICAN AIRLINES and | : | |
| FIRST TRANSIT INC. | : | |

### DEFENDANT'S CERTIFICATE OF FILING OF
### COPY OF NOTICE OF REMOVAL WITH THE STATE COURT

     I, PAUL C. TROY, ESQUIRE, counsel for defendant First Transit, Inc. hereby certify

that on this date a certified copy of Defendant's Notice of Removal will be filed with the Office

of Judicial Records of the Court of Common Pleas of Philadelphia County, Pennsylvania,

wherein is pending the State Court action which is the subject of the removal.

                    **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

                    By: /s/ Paul C. Troy
                        **PAUL C. TROY, ESQUIRE**

Date:  4/28/2021

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875                    Attorney for Defendant
510 SWEDE STREET                           First Transit Inc.
NORRISTOWN, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXA WILLOUGHBY | : | |
| | : | No. |
| vs. | : | |
| | : | CIVIL ACTION |
| AMERICAN AIRLINES GROUP INC. | : | |
| AKA/DBA AMERICAN AIRLINES and | : | |
| FIRST TRANSIT INC. | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

I, Paul C. Troy, certify that on this date I served a true and correct copy of the Notice of

Removal in the above-captioned matter on all counsel of record and unrepresented parties via

U.S. First Class Mail, postage prepaid, as follows:

David Jaffe, Esquire                      Charity C. Hyde, Esquire
Freundlich & Littman, LLC                 David R. Bronstein, Esquire
1425 Walnut Street, Suite 200             Perez Morris Hyde, LLC
Philadelphia, PA 19102                    100 North 20th Street
                                          Philadelphia, PA 19103

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**


By: /s/ Paul C. Troy
        **PAUL C. TROY, ESQUIRE**


Date:   4/28/2021